IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRUCE COPELAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | **Civil Action No. 3:13-CV-4432-N-BH** |
| | § | |
| **D&J CONSTRUCTION LLC, et al.,** | § | |
| | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims against the unserved defendants should be **DISMISSED** for failure to serve within 120 days.

### I. BACKGROUND

On November 5, 2013, the plaintiff filed this *pro se* case against a limited liability company and three individual defendants. (*See* doc. 3.) After being granted leave, the plaintiff filed his first amended complaint on June 2, 2014, which added claims against three additional companies, i.e., D & JG Construction, LLC, D & J Lancaster, and Preferred Contractors Insurance Company Risk Retention Group, LLC. (*See* doc. 45.) The plaintiff failed to file a valid return of service on those three defendants within 120 days of the filing of the amended complaint. The Court issued an order on January 16, 2015, directing the plaintiff to show cause in writing no later than January 29, 2015, for his failure to comply with the service requirements of Rule 4 as to the three new defendants. (*See* doc. 64.) The order expressly stated that if the plaintiff failed to comply with its terms by filing a valid return of service as to the defendants or by showing good cause in writing why service could

not be timely made, dismissal of the claims against them would be recommended without further notice. The plaintiff has still not filed a valid return of service to show that he has served the defendants or shown cause in writing for his failure to do so.

## II. ANALYSIS

Because he paid the fee, the plaintiff was responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 120 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). He were also required to file proof of service with the Court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 120 days have passed since the plaintiff filed his amended complaint against the new defendants, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving them and filing proof of valid service. Nor has he shown cause for his failure to serve the defendants or to file proof of service.

### III.  CONCLUSION

The plaintiff's claims against D & JG Construction, LLC, D & J Lancaster, and Preferred Contractors Insurance Company Risk Retention Group, LLC should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 26th day of June, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE