IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE COPELAND, | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | No. 3:13-CV-4432-N-BH |
| | § | |
| D&J CONSTRUCTION LLC, et al., | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court for recommendation is the plaintiff's *Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure 56*, filed June 25, 2015 (doc. 68). Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

On November 5, 2013, Bruce Copeland (Plaintiff) filed suit against D&J Construction, LLC (D&J); Johnny Gray III; Darrell Gray; and Ethel Yolanda Gray. (doc. 3 at 2.)[1] He asserts claims for usury, breach of implied contract, quantum meruit, and unjust enrichment against D&J and Johnny Gray III (collectively Defendants), and slander, libel, intentional infliction of emotional distress, sworn account, and intentional interference with prospective economic advantage against all of the defendants. (docs. 45 at 6-11; 67 at 1; 74 at 1.)[2]

_____

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Other parties and claims have already been dismissed. (*See* docs. 45, 67, 73, 74.)

According to Plaintiff, he entered into an agreement with Defendants to provide them with paralegal services, contract and corporate compliance help, business and office structure planning, "[a]ssistance with employee development, job descriptions, management training, and business development," and sales leads and development services. (doc. 68 at 8.) As outlined in his confirmation email dated May 3, 2013, Defendants agreed to pay him $3,000 per month on a weekly basis beginning on June 27, 2013, for his paralegal, business, and administrative work and "10% of the gross job amount of all jobs created, assisted, or derived from [his] lead services or sales assistance." (*Id.*)

In September 2013, a lead previously developed by Plaintiff required additional work that Defendants could not provide. (*Id.* at 2-4, 16-18.) He and Defendants agreed that Plaitiff would perform additional services on that project for fifty percent of the profits. (*Id.* at 10.) Following the completion of that project, Plaintiff sent Defendants an invoice for $18,032.96, including his agreed salary for August and sales commissions. (*Id.* at 12, 15.) Defendants refused to pay Plaintiff for the services identified in the invoice. (*Id.* at 3, 12, 15.)

On June 25, 2015, Plaintiff moved for summary judgment against Defendants on his usury, breach of implied contract, quantum meruit, and unjust enrichment claims. (doc. 68.) On July 16, 2015, Defendants filed a response. (doc. 71-72.) Plaintiff filed a reply on July 30, 2015.[3] (doc. 75.) The motion is now ripe for recommendation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

---

[3] Plaintiff identified this filing as a response, but it is properly construed as his reply.

matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In a case in which "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). This is a "heavy" burden for movant. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d

1125, 1131 (5th Cir. 1992).  "The party opposing summary judgment is required to identify specific

evidence in the record and to articulate the precise manner in which that evidence supports his or

her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  "The parties may

satisfy their respective burdens by 'citing to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations .

. . admissions, interrogatory answers, or other materials.' " *Rooters v. State Farm Lloyds*, 428 F.

App'x 441, 445 (5th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 56(c)(1)).

### III. ANALYSIS

Plaintiff moves for summary judgment on his usury, breach of implied contract, quantum

meruit, and unjust enrichment claims. (doc. 68 at 2-4.)

### A.        Breach of Implied Contract

Plaintiff first moves for summary judgment on his breach of implied contract claim. (doc.

68 at 2-3.)[4]  The essential elements of a breach of contract claim in Texas are: (1) the existence of

a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered

performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's

breach.[5] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167

S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)); *City of The Colony v. North*

---

[4] Plaintiff's breach of implied contract claim is addressed first because the underlying existence of a contract impacts the analysis of his usury, quantum meruit, and unjust enrichment claims.

[5] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417, (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).  In this diversity case, the majority of the events giving rise to the claims are alleged to have occurred in Texas, and the parties do not dispute that Texas law applies. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.").

*Tex. Mun. Water Dist.*, 272 S.W.3d 699, 739 (Tex. App.—Fort Worth 2008, pet. dism'd).

> Under Texas law, "[t]he elements of a contract, express or implied, are identical."
> *Plotkin v. Joekel*, 304 S.W.3d 455, 476 (Tex.App.—Houston [1st Dist.] 2009, pet.
> denied) (internal quotation marks omitted). "[T]he real difference between express
> contracts and those implied in fact is in the character and manner of proof required
> to establish them." *Id.* at 476–77 (alteration in original) (internal quotation marks
> omitted).

*Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 744 (5th Cir. 2015) (per

curiam). The plaintiff bears the burden of proof at trial. *Singh v. Bajwa*, No. 3:08-CV-0383-D, 2008

WL 3850545, at *1 (N.D. Tex. Aug. 19, 2008) (citing *Preston State Bank v. Jordan*, 692 S.W.2d

740, 744 (Tex. App.—Fort Worth 1985, no writ)).

   To meet his summary judgment burden, Plaintiff provides his email outlining his

compensation agreement with Defendants,[6] his email stating his understanding of the commissions

owed to various individuals (including him) as of September 28, 2013, and an invoice representing

that Defendants owe him $18,032.96. (doc. 68 at 7-14.)  Plaintiff prepared all of the documents,

which reflect only his understanding.  (*See id.*)  He presents no evidence of Defendants' response.

Although he argues that "Defendants [have] **not** provided a single line in their response disputing

the signed agreements submitted as . . . material facts to Plaintiff's motion" (doc. 75 at 2) (emphasis

in original), it is his burden to support all of the essential elements of his claim, including the

existence of a valid contract. *See Fontenot*, 780 F.2d at 1194; *see also Singh*, 2008 WL 3850545,

at *1.  Because Plaintiff has not presented evidence of all essential elements, the burden does not

shift to Defendants to identify evidence in the record raising a genuine issue of material fact.[7]

---

[6] Plaintiff does not identify the recipient of the email. (*See* doc. 68 at 8-10.)

[7] Because Plaintiff failed to show the existence of a valid contract, it is unnecessary to consider the
other essential elements of his breach of implied contract claim.

Accordingly, Plaintiff's motion for summary judgment on this claim should be denied.

**B.      Usury**

Plaintiff next moves for summary judgment on his usury claim. (doc. 68 at 2.)

Under Texas law, usury is defined as "interest in excess of the amount allowed by law." Tex. Rev. Civ. Stat. Ann. art. 5069-1.01(d). "The essential elements of a usurious transaction are (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction from the borrower of a greater compensation than the amount allowed by law for the use of money by the borrower." *Najarro v. SA SI Intern., Ltd.*, 904 F.2d 1002, 1005 (5th Cir. 1990) (citing *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982)). However, "it is fundamental that usury can arise only from a loan or forbearance of money." *Pearcy Marine, Inc. v. Acadian Offshore Servs., Inc.*, 832 F. Supp. 192, 196 (S.D. Tex. 1993) (citing *Crow v. Home Sav. Ass'n of Dall. Cty.*, 522 S.W.2d 457 (Tex. 1975)). Where the transaction appears lawful on its face, the party claiming usury has the burden of proof. *American Century Mortgage Investors v. Regional Ctr., Ltd.*, 529 S.W.2d 578, 583 (Tex. Civ. App.–Dallas 1975, writ ref'd n.r.e.). On the other hand, where the loan instruments show on their face that the loan is usurious, the lender has the burden to prove that the terms of the loan resulted from accidental and bona fide error. *Miller v. First State Bank*, 551 S.W.2d 89, 99 (Tex. Civ. App.–Fort Worth 1977), *modified on other grounds*, 563 S.W.2d 572 (Tex. 1978).

To meet his summary judgment burden on this claim, Plaintiff relies on "undispute[d] material fact" and that "Defendants do not dispute they agreed to the services of Plaintiff . . . [or that] they accepted the revised agreement as set forth in the email."[8] (doc. 68 at 2.) Nothing in the emails reflects a loan of money, let alone that Defendants accepted the terms or that they were

---

[8] Defendants denied Plaintiff's allegations in their answer to his complaint. (*See* doc. 10 at 7-9.)

usurious. Plaintiff has not presented evidence of all essential elements of his claim, and the burden

does not shift to Defendants to identify evidence in the record raising a genuine issue of material

fact.[9]  Accordingly, Plaintiff's motion for summary judgment on this claim should be denied.

## C.    Quantum Meruit

Plaintiff next moves for summary judgment on his quantum meruit claim. (doc. 68 at 3.)

"Quantum meruit is an equitable remedy which does not arise out of a contract, but is

independent of it." *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (citing

*Colbert v. Dallas Joint Stock Land Bank*, 102 S.W.2d 1031, 1034 (Tex. 1937)).  Generally, a party

may recover under quantum meruit only when there is no express contract covering the services or

materials furnished. *Id.* (citing *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988)).  This remedy is

"based upon the promise implied by law to pay for beneficial services rendered and knowingly

accepted." *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496, 498 (Tex.

1978).  Recovery in quantum meruit will be had when non-payment for the services rendered would

"result in an unjust enrichment to the party benefited [sic] by the work." *City of Ingleside v. Stewart*,

554 S.W.2d 939, 943 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.).

To recover under quantum meruit a claimant must prove that:

1) valuable services were rendered or materials furnished;
2) for the person sought to be charged;
3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him;
4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

---

[9] Because Plaintiff failed to show the existence of a loan for money between the parties, it is unnecessary to consider the other essential elements of his usury claim.

*Vortt Exploration Co.*, 787 S.W.2d at 944 (quoting *City of Ingleside*, 554 S.W.2d at 943).

To meet his summary judgment burden, Plaintiff relies on D&J contract documents purportedly signed by him on behalf of D&J. (doc. 68 at 3.)  These include an original agreement for restoration services signed on August 21, 2013, a cashiers check made payable to D&J, a work authorization form signed on September 11, 2013, and a change order signed on September 11, 2013. (*Id.* at 14-18.)  However, Plaintiff provides no evidence that his services were valuable or "accepted" by Defendants.  Although Plaintiff attached a copy of a cashier's check addressed to D&J in the amount of $18,721.12 and a work authorization in the amount $59,009.37, he has provided no evidence that Defendants actually received any payment or value.  Additionally, no other representative of D&J signed the contract secured by Plaintiff.  Nor does Plaintiff provide correspondence from Defendants evincing the acceptance of his services in securing the agreement. Accordingly, Plaintiff has not presented evidence of all essential elements, and therefore the burden does not shift to Defendants to identify evidence in the record raising a genuine issue of material fact.  His motion for summary judgment on this claim should be denied.

**D.**   **Unjust Enrichment**

Plaintiff lastly moves for summary judgment on his unjust enrichment claim. (doc. 68 at 3-4.)

"Unjust enrichment is a quasi-contractual claim which is based on the absence of an express agreement." *Spear Marketing, Inc. v. BancorpSouth Bank*, No. 3:12–CV–3583–B, 2013 WL 3297593, at *10 (N.D. Tex. July 1, 2013) (citing *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–84 (Tex. 2000)).  "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory because parties should be bound by their express agreements." *Id.* (citations and internal quotation marks omitted).  "A

party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "It is not a proper remedy merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall." *Spear Marketing*, 2013 WL 3297593, at *9 (quoting *Austin v. Duval*, 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied) (citations and internal quotations omitted)). "Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits." *Villarreal v. Grant Geophysical, Inc*., 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, pet. denied).

To meet his summary judgment burden, Plaintiff relies on "undisputed material facts" and that "Defendants do not dispute Plaintiff provided clients who have since paid for services provided in full." (doc. 68 at 4.) In moving for summary judgment, however, he does not point to any summary judgment evidence in support of his contentions. Even considering the documents provided in support of his quantum meruit claim, he provides no evidence that Defendants actually received any payment or value as a result of his services. Moreover, he provides no evidence of "fraud, duress, or the taking of an undue advantage" on the part of Defendants. Plaintiff has not presented evidence of all essential elements, and the burden does not shift to Defendants to identify evidence in the record raising a genuine issue of material fact. Plaintiff's motion for summary judgment on this claim should be denied.

## IV. RECOMMENDATION

Plaintiff's motion for summary judgment should be **DENIED**.

**SO RECOMMENDED on this 16th day of February, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10