**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BRUCE COPELAND,         § | | |
| Plaintiff,               § | | |
| § | | |
| vs.                      § | No. 3:13-CV-4432-N-BH | |
| § | | |
| D&J CONSTRUCTION LLC, et al., § | | |
| Defendants.              § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court for recommendation is *Plaintiff's Motion to Vacate Dismissal, Reopen Plaintiff's Original Complaint and Reset Trial Dates*, filed August 8, 2016 (doc. 103). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On November 5, 2013, Bruce Copeland (Plaintiff) filed suit against D&J Construction, LLC (D&J); Johnny Gray III; Darrell Gray; and Ethel Yolanda Gray (Defendants). (doc. 3 at 2.)[1] He asserts claims for slander, libel, intentional infliction of emotional distress, sworn account, and intentional interference with prospective economic advantage against all of the defendants, and usury, breach of implied contract, *quantum meruit*, and unjust enrichment against D&J and Johnny Gray III. (docs. 45 at 6-11; 67 at 1; 74 at 1.)[2]

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Other parties and claims have already been dismissed. (*See* docs. 45, 67, 73, 74.)

At a pretrial conference May 23, 2016, the parties announced a settlement agreement, which was read into the record.[3] (doc. 99.) That same day, the district court issued an order on the docket noting the settlement agreement between the parties and ordering closure of the case.[4] (doc. 101.)

On August 8, 2016, Plaintiff moved to reopen his case because "Defendants have failed to abide by the agreement." (doc. 103 at 2.) According to Plaintiff, the agreement "required defendants to perform on August 1, 2016. Plaintiff has attempted to reach out to defendants but defendants have refused to respond." (*Id.*) Defendants failed to respond to Plaintiff's motion, and he filed a reply noting Defendants' failure to respond on September 23, 2016. (doc. 105.) This motion is now ripe for recommendation.

## II. RULE 60(b)

Plaintiff's request to vacate the dismissal and reopen his case may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an

---

[3] Although Plaintiff notes the agreement between the parties, he has not identified the terms of the agreement that were read onto the record at the pretrial conference. (*See* doc. 103, 105.)

[4] In its entirety, the order states: "ORDER: The parties have reached an agreement. It is therefore ordered that the Clerk of Court close this case. (Ordered by Judge David C Godbey on 5/23/2016) (kkf) (Entered: 05/23/2016)." (doc. 101.)

earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

Here, Plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). Additionally, other federal courts have noted that Rule 60(b)(6) is a proper basis for seeking relief of a settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994) (noting that some courts of appeals have held that the reopening of a dismissed suit by reason of a breached agreement, which was the basis for a dismissal, can be obtained under Federal Rule of Civil Procedure 60(b)(6)) (citing cases); *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir. 1986) (noting that when a settlement agreement is breached, the plaintiff has two remedies available: he can bring an action to collect the amount due under the settlement or he can make a Rule 60(b)(6) motion to vacate the prior dismissal and reinstate the case); *Reed v. Gallegos*, No. C-07-190, 2009 WL 5216871, at *2 (S.D. Tex. Dec. 29, 2009) ("Some appellate courts have held that Rule 60(b)(6) is a basis for seeking relief of the breach of a settlement agreement.").

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary

3

circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, the order closing Plaintiff's case was expressly based on the agreement reached between the parities at their pretrial conference. (docs. 99, 101.) Plaintiff was diligent in prosecuting his case, and the merits of his case were never reached before the case was closed. Additionally, Defendants failed to respond or object to Plaintiff's motion to reopen the case. (*See* docs. 103, 104.) Accordingly, even though a final judgment should not be lightly disturbed, granting Plaintiff's motion would be consistent with the factors established in *Seven Elves* and appropriate under Rule 60(b)(6).

### III. RECOMMENDATION

Plaintiff's motion to vacate dismissal and to reopen his case should be **GRANTED**, and the case should be set for trial.

**SO RECOMMENDED** on this 8th day of December, 2016.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE